**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  EDCV 04-00079-VAP(SSx)
Consolidated with EDCV 04-759 VAP                    Date:  September 23, 2005

Title:   CITY OF RIALTO, a California Municipal corporation; and RIALTO UTILITY AUTHORITY, a Joint Powers Authority organized and existing under the laws of the State of California -v- UNITED STATES DEPARTMENT OF DEFENSE, et al.

================================================================

PRESENT:    HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Rachel Ingram | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:    MINUTE ORDER DIRECTING ENTRY OF A SEPARATE JUDGMENT ON COURT'S ORDER CONCERNING PLAINTIFFS' 42 U.S.C. § 107(a) CONTRIBUTION CLAIM

## I. BACKGROUND AND PROCEDURAL HISTORY

On May 13, Plaintiffs filed their Third Amended Complaint.  They allege that Defendants caused or contributed to groundwater contamination that migrates from numerous industrial, commercial, former military, and waste disposal sites and facilities within the area formerly known as the Rialto Ammunition Storage Point. They seek to recover costs, expenses, losses, and other damages caused by Defendants.

MINUTES FORM 11
CIVIL -- GEN


DOCKETED ON CM
SEP 3 0 2005

Page 1

Initials of Deputy Clerk


470

On August 16, 2005, this Court issued an order ("Order") granting Defendant U.S. Department of Defense's Motion for Partial Judgment on the Pleadings for Claim Two: contribution under section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a).

The Court held that under CERCLA section 107(a), a contribution claim must satisfy the requirements of CERCLA section 113(f), 42 U.S.C. § 9613(f): The claim must be made "'during or following any civil action under section 9606 [ ] or under section 9607(a),'" or the claimants must have "'resolved [their] liability to the United States or a State for some or all of the costs of such action in an administrative or judicially approved settlement.'" [Order at 6 (quoting 42 U.S.C. §§ 9613(f)(1), (f)(3) (brackets in original).]

On August 16, 2005, Plaintiffs filed a Motion for Entry of Separate Judgment and Certification of Order for Permissive Appeal to the Ninth Circuit ("Mot.") under Federal Rule of Civil Procedure 54(b) and 28 U.S.C. § 1292(b).

## II. LEGAL STANDARD AND DISCUSSION

Plaintiffs seek an entry of separate judgment of the Court's Order in part pursuant to Federal Rule of Civil Procedure 54(b)[1]. Rule 54(b) provides:

> When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

---

[1] While Plaintiffs' Motion sought relief under both Federal Rule of Civil Procedure 54(b) and certification under 28 U.S.C. section 1292(b), Rule 54(b) is the appropriate avenue here. See James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("Rule 54(b) applies where the district court has entered a final judgment as to particular claims or parties . . . . By contrast, section 1292(b) addresses the situation where a party wishes to appeal an interlocutory order, such as pertaining to discovery, denying summary judgment, denying a motion to remand, or decertifying a class." (citations omitted)).

MINUTES FORM 11  
CIVIL -- GEN                     Page 2                Initials of Deputy Clerk _K_

For a court to enter a separate judgment pursuant to Rule 54(b), the order must resolve finally at least one claim in a multiple-claim action. <u>Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.</u>, 819 F.2d 1519, 1524 (9th Cir. 1987) (affirming certification of partial summary judgments). In addition, the Court must find that the action includes "distinct and several claims and immediate review of the portions ruled upon will not result in later duplicative proceedings in the trial or appellate court." <u>United States v. Boyce</u>, 148 F. Supp. 2d 1069, 1095 (S.D. Cal. 2001) (citing <u>White Mountain Apache Tribe v. Hodel</u>, 784 F.2d 921, 923-24 (9th Cir. 1986); <u>Morrison-Knudsen Co. v. Archer</u>, 655 F.2d 962, 965 (9th Cir. 1981)). Although "Rule 54(b) claims do not have to be separate from and independent of the remaining claims," <u>Texaco, Inc. v. Ponsoldt</u>, 939 F.2d 794, 797 (9th Cir. 1991) (quoting <u>Sheehan v. Atlanta Int'l Ins. Co.</u>, 812 F.2d 465, 468 (9th Cir. 1987)), the Court should be careful to "prevent piecemeal appeals in cases which should be reviewed only as single units." <u>Id.</u> at 797-98 (quoting <u>McIntyre v. United States</u>, 789 F.2d 1408, 1410 (9th Cir. 1986)) (internal quotations omitted).

After a court has determined that it is dealing with a final judgment, the court then decides whether there is any just reason for delay. <u>Curtiss-Wright Corp. v. Gen. Elec. Co.</u>, 446 U.S. 1, 7 (1980). As part of this second prong, a district court considers "judicial administrative interests as well as the equities involved." <u>Id.</u>

Defendants do not dispute any of Plaintiffs' allegations or arguments. Their only response to the Motion never addresses the merits of Plaintiffs' request for Entry of Separate Judgment. Their contention that the Court should not grant Plaintiffs' Motion because the Court previously addressed Plaintiffs' request lacks merit. [Opp'n at 2.] In the Court's Order of August 16, 2005, the Court did include a footnote that denied Plaintiffs' request for severance or certification of the section 107(a) issue. [Order at 14 n.5]. The Court, however, also wrote that Plaintiffs failed to "address[ ] the relevant factors for such relief," and that the reason the Court was denying Plaintiffs' requests was that "no good cause for either has been shown." [<u>Id.</u>] Plaintiffs have now addressed the relevant factors for relief and shown good cause, and the Court accordingly considers their Motion.

The Court's August 16, 2005 Order conclusively resolved Plaintiffs' claim for

contributions under CERCLA section 107(a). [Order at 14.] The Court has yet to rule on other claims in the case, several of which are California state law claims, unrelated to the CERCLA legal issue. Furthermore, a conclusive legal ruling on this specific CERCLA issue will definitively resolve a major dispute in this case, and it will not result in duplicative proceedings. Thus, the Court is satisfied that Plaintiffs have met the first prong of a successful Rule 54(b) Motion.

The Court also finds that there is no just reason for a delay. Judicial efficiency and equities cut in favor of resolving the section 107(a) issue before the case continues. Plaintiffs point out that if the case were to proceed without the Court entering Separate Judgment, and the Ninth Circuit did rule in favor of Plaintiffs on the section 107(a) issue years from now, the parties would have spent very substantial amounts of money and time in discovery, which would then have to be duplicated. [Mot. at 10.] Additionally, the parties have told the Court that many of the witnesses in this case are elderly. Plaintiffs also point out that the uncertainty about the section 107(a) claim "will substantially prejudice" efforts to resolve the case through mediation, which is scheduled to begin this fall. [Mot. at 8.]

Plaintiffs also argue that an early resolution to the litigation is important because the major source of Rialto's drinking water is contaminated with rocket fuel and other contaminants released by defendants, creating "imminent endangerment of health and the environment." [Mot. at 15.]

In addition to furthering the efficiency of the litigation and to the equities involved, the Court also finds that the issue of whether CERCLA section 107(a) allows for a Plaintiff to make a contribution claim without satisfying the requirements of section 113(f) is one which has recently become ripe for Ninth Circuit review and in which courts considering the issue have differed. In Cooper Industries, Inc. v. Aviall Services, Inc., - - U.S. - - , 125 S. Ct. 577 (2004), the Supreme Court held that section 113(f)(1) requires that a private party be sued under sections 106 or 107(a) in order to bring a contribution claim under 113(f)(1). Since that decision was issued in December 2004, three courts within this circuit have held that a section 107(a) contribution claim need not satisfy the section 113(f) requirements. Valenti Aggio v. Estate of Joseph Aggio, 3:04-cv-04357 PJH (N.D. Cal. Sept. 19, 2005); Koutros v. Goss-Jewett Co. of N. Cal., No. Civ. S02-1520 FCD JFM, 2005 WL 1417152 (E.D.

Cal. May 24, 2005); Adobe Lumber, Inc. v. Taecker, No. CV S02-186 GEB GGH, 2005 WL 1367065 (E.D. Cal. May 24, 2005).

This Court, of course, decided that a section 107(a) contribution claim does need to satisfy requirements under section 113(f). [Order at 14.] In making that decision, the Court relied in part on the Ninth Circuit's holding in The Pinal Group v. Newmont Mining Corp., 118 F.3d 1298, 1306 (9th Cir. 1997), that "a claim asserted by a [potentially responsible person] under § 107 requires the application of § 113." [Order at 8.] In their Reply to this motion, Plaintiffs point to a recent Second Circuit case holding that under section 107(a) a party not satisfying the section 113(f) requirement, and that if sued would be liable under section 107(a), can recover "necessary response costs incurred voluntarily." [Reply at 3]; Consol. Edison Co. of N.Y., Inc. v. UGI Utils., --- F.3d ----, 2005 WL 2173585, *7 (2nd Cir. 2005). In that case, the court also called into question The Pinal Group's holding in light of the Supreme Court's holding in Cooper Industries, Inc. Id. at *9. ("Cooper Industries is at odds with Pinal Creek Group 's view that while § 107 created the right of contribution, the machinery of § 113 governs and regulates such actions, providing the details and explicit recognition that were missing from the text of § 107. According to Cooper Industries, the two remedies are clearly distinct.") Id. (quotations and citations omitted).

Accordingly, the Court holds that judicial administrative interests, equities, and the current state of the law all dictate that there is no just reason for a delay in appealing the section 107(a) claim.

The Court also notes the recent Ninth Circuit authority regarding Rule 54(b) motions. Wood v. GCC Bend, L.L.C., --- F.3d ----, 2005 WL 2126786 (9th Cir. 2005). In contrast to our case, the facts in Wood were "routine" and the Plaintiff did "not stand to lose a significant amount of money unless the appeal is heard now rather than at the end of trial." Id. at *6, *7. Here, not only are very significant amounts of money at stake if the appeal is not heard now, but, this case, dealing with alleged widespread water contamination, involves grave issues that are far from routine.

## III. CONCLUSION

The Court grants Plaintiffs' Motion and, pursuant to Federal Rule of Civil Procedure 54(b), enters separate judgment on Defendants' Motion for Partial Judgment on the Pleadings for Claim Two: Contribution Under Section 107(a) of CERCLA on the grounds set forth in Defendant U.S. Department of Defense's Motion for Summary Judgment. Further proceedings on Plaintiffs' other claims shall be stayed pending Plaintiffs' appeal to the Ninth Circuit.

**IT IS SO ORDERED.**